UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RICHARD ZAWATSKY, and CATHERINE ZAWATSKY, individually and on behalf of all others similarly situated, | : : : : | Case No. 1:21-cv-2477-PGG |
| Plaintiff, | : : | |
| -against- | : : | <u>CLASS ACTION</u> |
| VROOM, INC., PAUL J. HENNESSY, DAVID K. JONES, | : : : | |
| Defendants. | : : | |
| CHARLES D. HOLBROOK, individually and on behalf of all others similarly situated, | : : : | Case No. 1:21-cv-2551-PGG |
| Plaintiff, | : : | |
| -against- | : : | <u>CLASS ACTION</u> |
| VROOM, INC., PAUL J. HENNESSY, DAVID K. JONES, | : : : | |
| Defendants. | : : | |
| ARIF HUDDA, individually and on behalf of all others similarly situated, | : : : | Case No. 1:21-cv-3296-PGG |
| Plaintiff, | : : | |
| -against- | : : | <u>CLASS ACTION</u> |
| VROOM, INC., PAUL J. HENNESSY, DAVID K. JONES, | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF RHONDDA CYNON TAF PENSION FUND'S MOTION FOR CONSOLIDATION AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT .............................................................................................................................6

  I.  This Court Should Consolidate the Related Actions ............................................6

  II.  Rhondda Should Be Appointed Lead Plaintiff......................................................7

      A.  Rhondda Is Willing to Serve as a Class Representative .................................8

      B.  Rhondda Believes That It Has the Largest Financial Interest in the Relief Sought by the Class...............................................................................9

      C.  Rhondda Is Qualified Under Rule 23.............................................................10

          1.  The Claims of Rhondda Are Typical of the Claims of the Class ..............11

          2.  Rhondda Will Fairly and Adequately Represent the Interests of the Class..............11

          3.  Rhondda Is Not Subject to Unique Defenses ............................................12

  III.  This Court Should Approve Rhondda's Choice Of Counsel ............................13

CONCLUSION.........................................................................................................................15

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Albert Fadem Trust v. Citigroup, Inc.*,
 239 F. Supp. 2d 344 (S.D.N.Y. 2002) ................................................................................... 6

*Constance Sczesny Trust v. KPMG LLP*,
 223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................................... 6

*In re Adelphia Comm'cns. Corp. Secs. & Deriv. Litig.*,
 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052 (S.D.N.Y. Sept. 1, 2005) .................... 3

*In re Cendant Corp. Sec. Litig.*,
 109 F. Supp. 2d 235 (D.N.J. 2000) ...................................................................................... 13

*In re Olsten Corp Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................ 6, 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................ 3

*In re WorldCom, Inc. Sec. Litig.*, 02 Civ. 3288
 (DLC), 2004 U.S. Dist. LEXIS 22992 (S.D.N.Y. Nov. 12, 2004) ...................................... 14

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) ................................................................................................ 6

*Lucas v. United States Oil Fund, LP*,
 2020 WL 5549719 (S.D.N.Y. Sept. 16, 2020) .............................................................. passim

*Reitan v. China Mobile Games & Entertainment Group*,
 68 F. Supp. 3d 390 (S.D.N.Y 2014) ................................................................. 3, 7, 8, 9, 10

*Richman v. Goldman Sachs Group, Inc.*,
 274 F.R.D. 473 (S.D.N.Y. 2011) .......................................................................................... 3

*Woburn Ret. Sys. v. Salix Pharms., Ltd.*,
 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ................................................................ 3, 12

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ......................................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. passim

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ............................... 2

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ............................................... 3

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. *passim*
Fed. R. Civ. P. 42 ............................................................................................................. 6

The Rhondda Cynon Taf Pension Fund ("Rhondda") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order:  (1) consolidating the above-captioned cases; (2) appointing Rhondda as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Vroom, Inc. ("Vroom" or the "Company") during the Class Period (defined below); and (3) approving Rhondda's selection of Barrack, Rodos & Bacine ("Barrack, Rodos") as lead counsel for the class in the securities class action litigation against Vroom and certain other defendants.

## PRELIMINARY STATEMENT

This is a securities class action on behalf of purchasers of Vroom common stock between June 9, 2020 and March 3, 2021, inclusive (the "Class Period").  Three cases have been filed. The complaints allege that during the Class Period, defendants[1] violated Sections 10(b) and 20(a) of the Exchange Act by concealing that, in stark contrast to the Company's touted "[e]normous inventory selection" and "[e]xceptional customer support," Vroom lacked adequate sales and support staff, which resulted in degraded customer experiences and lost sales opportunities.  Ultimately, Vroom's ramped up inventory outstripped its sales and support capacity, causing the Company to sell off stale inventory at rock bottom prices.  This led to a deterioration in Vroom's financial results and a precipitous drop in the value of Vroom stock.

Pursuant to the PSLRA, this Court must appoint as lead plaintiff for the class the party "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-

---

[1] The named defendants are Vroom, Paul J. Hennessy (CEO of Vroom), and David K. Jones (CFO of Vroom).

4(a)(3)(B)(i); *see also Lucas v. United States Oil Fund, LP*, 2020 WL 5549719, at *2 (S.D.N.Y. Sept. 16, 2020). In that regard, the Court is required to determine which movant possesses the "largest financial interest" in the relief sought by the class in this litigation and whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Lucas*, 2020 WL 5549719, at *2.  Rhondda believes that it is the "most adequate plaintiff" as defined by the PSLRA and that it should be appointed Lead Plaintiff in this action.  Having sustained total losses of approximately $414,235 as a result of defendants' misconduct, Rhondda has a significant financial interest in the relief sought in this action.[2]  Moreover, Rhondda satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and it will fairly and adequately represent the claims of the class.

By enacting the PSLRA, Congress expressly intended to encourage institutional investors like Rhondda to serve as lead plaintiff in securities class actions.  The PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. CONF. REP. NO. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733.  Similarly, the Senate Report on the PSLRA states:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts…. "Institutions with large stakes in class actions have much the same interests as the plaintiff class generally."

---

[2] Rhondda's PSLRA-required certification ("Davies certification") is provided as Exhibit 1 to the accompanying Declaration of Michael A. Toomey, dated May 21, 2021 ("Toomey Decl."). In addition, a chart setting forth calculations of the losses incurred by Rhondda is provided as Exhibit A to the Davies certification.

S. REP. NO. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted); *see also Reitan v. China Mobile Games & Entertainment Group*, 68 F. Supp. 3d 390, 396 (S.D.N.Y 2014) (recognizing that many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (noting the PSLRA encourages institutional investors to take a role in securities class actions).

In drafting the PSLRA, Congress expressed a strong preference that institutional investors such as Rhondda be appointed lead plaintiffs. *See In re Adelphia Comm'cns. Corp. Secs. & Deriv. Litig.*, 03 MD 1529 (LMM), 2005 U.S. Dist. LEXIS 19052, *5-*6 (S.D.N.Y. Sept. 1, 2005). In keeping with that Congressional intent, this court and others consistently appoint institutional investors like Rhondda as lead plaintiff pursuant to the PSLRA. *See, e.g.*, *Reitan*, 68 F. Supp. 3d at 399-401; *Woburn Ret. Sys. v. Salix Pharms., Ltd.*, 2015 WL 1311073, at *8 (S.D.N.Y. Mar. 23, 2015); *Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473 (S.D.N.Y. 2011).

Further reinforcing the adequacy of Rhondda is the fact that it has chosen Barrack, Rodos, a law firm with significant experience in successfully prosecuting securities class actions, to serve as lead counsel for the class. Therefore, Rhondda respectfully submits that it should be appointed Lead Plaintiff and that the Court should approve its selection of lead counsel.

**STATEMENT OF FACTS**

Vroom operates an ecommerce platform that buys and sells used vehicles. Through the Company's online platform, consumers can research and select from thousands of fully reconditioned vehicles. After a vehicle is purchased, the Company provides contact-free delivery to the buyer's driveway.

Vroom became a public company through an initial public offering ("IPO") on June 9, 2020. Prior to the Company's IPO, and as a result of the COVID-19 pandemic, Vroom significantly reduced its inventory and furloughed approximately one-third of its workforce to account for an expected drop in demand. When those demand trends sharply reversed, Vroom consistently represented to investors (beginning at the time of its IPO and continuing throughout the Class Period) that it was well-positioned to take advantage of extraordinary consumer demand for online car purchases.

The complaints assert that defendants' statements concealed from Vroom investors that, in stark contrast to the Company's touted "[e]normous inventory selection" and "[e]xceptional customer support," Vroom lacked adequate sales and support staff resulting in degraded customer experiences and lost sales opportunities for Vroom throughout the Class Period. Ultimately, Vroom's ramped up inventory outstripped its sales and support capacity, causing the Company to sell off stale inventory at rock bottom prices. This led to a deterioration in Vroom's financial results and a precipitous drop in the value of Vroom stock.

The complaints assert that the truth about Vroom's sales and support inadequacies was revealed through a series of corrective disclosures, all announcing financial results for each of Vroom's first three quarters as a public company.

First, on August 12, 2020, Vroom issued a press release announcing its financial results for the second quarter of 2020, revealing, among other things, that Vroom had achieved only $253.1 million in revenues for the quarter, a 3% year-over-year decline, largely as a result of a 17% decline in the average vehicle selling price per ecommerce unit.  On this news, the price of Vroom stock fell $12.64 per share, or 18%, from $69.01 per share to close at $56.37 per share on August 13, 2020.

Second, on November 11, 2020, just two months following the Company's follow-on stock offering, Vroom issued a press release announcing its third quarter 2020 financial results. Defendants revealed that Vroom expected to suffer sharply higher losses in the fourth quarter of 2020 due to a "bottleneck" in its sales support, but that this bottleneck would be rectified during the fourth quarter.  On this news, the price of Vroom stock fell another $5.31, or 13%, from $40.80 per share to close at $35.49 per share on November 12, 2020.

Finally, on March 3, 2021, Vroom issued a press release announcing its fourth quarter and full year 2020 financial results.  Defendants revealed that Vroom had failed to achieve certain financial guidance metrics issued only a quarter earlier.  On Vroom's earnings call the same day, defendants admitted that Vroom had been forced to liquidate aging inventory at fire sale prices due to operational constraints and that the Company's sales deficiencies were so severe that they would continue to hamper Vroom's profits into the first quarter of 2021.  On this news, the price of Vroom stock fell another $12.29, or 28%, from $43.90 per share to close at $31.61 per share on March 4, 2021.

Plaintiffs allege that defendants, in violation of §§ 10(b) and 20(a) of the Exchange Act of 1934, disseminated false and misleading material information to the investing public that concealed its inability to maintain adequate sales.  Because of defendants' alleged wrongful acts

5

and omissions, and the decline in the market value of Vroom securities upon revelation of the true state of Vroom's sales deficiencies, Rhondda and the members of the class have suffered significant losses and damages.

## ARGUMENT

### I. This Court Should Consolidate the Related Actions

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Judicial economy generally favors consolidation and requires the court to conduct a careful inquiry that balances the prejudice and possible confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings would engender. *See Celotex*, 899 F.2d at 1285. Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See Celotex*, 899 F.2d at 1284-85. Consolidation is generally ordered so long as any confusion or prejudice does not outweigh efficiency concerns. *Id.*

It is also well recognized that consolidating shareholder class action suits often benefits both the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned. *In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (providing that the court shall not make the lead plaintiff determination until it rules on whether to consolidate).

Consolidation is appropriate here.  Plaintiffs in the related actions have alleged that defendants failed to disclose and misrepresented material facts.  In each of the complaints, plaintiffs seek to hold the same defendants responsible for the consequences of their course of conduct and seek relief under claims arising under the federal securities laws.  This Court has held that "consolidation is plainly appropriate" in these circumstances.  *Lucas*, 2020 WL 5549719, at *2.  Plaintiffs in each of the cases share a mutual interest in having this Court resolve questions concerning whether defendants made material misstatements and/or omitted material facts, and whether the price of Vroom stock became artificially inflated as a result.  Because the actions pending before this Court present related factual and legal issues, consolidation is appropriate.

## II.     Rhondda Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs the court to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii); *see also Reitan*, 68 F. Supp. 3d at 396.

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

>    (aa)  has either filed the complaint or made a motion in response to a notice …;

>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Reitan*, 68 F. Supp. 3d at 395.

As set forth below, Rhondda satisfies all three of these criteria and is therefore entitled to the presumption that it is the most adequate plaintiff and should be appointed Lead Plaintiff for the consolidated action.

### A. Rhondda Is Willing to Serve as a Class Representative

Under the PSLRA, any class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On March 22, 2021, counsel in the first-filed action caused a notice to be published over *Businesswire* pursuant to the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised Vroom investors of the May 21, 2021 deadline to file a motion to be appointed as Lead Plaintiff. *See* Toomey Decl., Exhibit 2.

Rhondda satisfies the PSLRA's deadline by filing this motion on May 21, 2021, 60 days after the first-published notice of pendency of the first-filed action asserting substantially the same claims. In addition, Rhondda has attached a certification attesting to its willingness to serve as class representative for the class and provide testimony at deposition and trial, if necessary. *See* Toomey Decl., Exhibit 1.

### B. Rhondda Believes That It Has the Largest Financial Interest in the Relief Sought by the Class

Rhondda respectfully submits that it should be appointed Lead Plaintiff because it is the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." *Id.*

Rhondda should be appointed Lead Plaintiff because, as of the time of the filing of this motion, it believes that it has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Rhondda sustained a loss of approximately $414,235 from Class Period transactions in Vroom stock. *See* Toomey Declaration, Exhibit 1 (Davies Certification), Exhibit A. To the best of its knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in the litigation. Accordingly, Rhondda has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *Id.*

In addition to the loss incurred, this court and others in this District have looked to other factors to determine financial interest, including (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; and (3) the total net funds expended during the class period. *See Lucas*, 2020 WL 5549719, at *3; *Reitan*, 68 F. Supp. 3d at 395. Here, Rhondda purchased 125,027 shares of Vroom stock during the Class Period, had net purchases of 114,098 shares, and made a net investment of $4,955,827 to acquire these shares.

Given size of its loss, the number of Vroom shares purchased and retained through the end of the Class Period and its total investment in acquiring the shares, Rhondda submits that it possesses the largest financial interest in the outcome of the litigation, and is the presumptive "most adequate" plaintiff.  *Olsten*, 3 F. Supp. 2d at 296; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Rhondda Is Qualified Under Rule 23

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Rather, a *preliminary* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Lucas,* 2020 WL 5549719, at *6 (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Moreover, of the four prerequisites to class certification, only two – typicality and adequacy – must be met.  *See Lucas,* 2020 WL 5549719, at *6; *Reitan*, 68 F. Supp. 3d at 395. As detailed below, Rhondda satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as Lead Plaintiff.

          **1.**      **The Claims of Rhondda Are Typical of the Claims of the Class**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality is met where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Lucas*, 2020 WL 5549719, at *6 (internal quotes and citations omitted). Here, the claims of Rhondda are typical of the claims of the members of the proposed class because, just like all other class members, it: (1) purchased or otherwise acquired Vroom securities during the applicable period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, these shared claims of Rhondda, which are based on the same legal theory and arise from the same events and course of conduct as the class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Id.* (such allegations have satisfied the Court that the proposed lead plaintiff's claims were "similar to those of other investors and therefore representative of the putative class").

          **2.**      **Rhondda Will Fairly and Adequately Represent the Interests of the Class**

Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." The class's interest is adequately represented where "'(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Lucas*, 2020 WL 5549719, at *6 (quoting *Kaplan*, 240 F.R.D. at 94). Rhondda satisfies these elements because: (1) As demonstrated *infra*, it has selected counsel with extensive experience litigating securities class actions that has successfully prosecuted numerous securities fraud class

actions on behalf of injured investors. (2) There is no evidence of any antagonism between Rhondda and the class. Rhondda shares numerous common questions of law and fact with the members of the class in establishing defendants' liability and damages, and its claims are typical of the class. The close alignment of interests between Rhondda and the class, combined with the group's strong desire to prosecute the action on behalf of the class, militates in favor of granting the instant motion. Finally, (3) Rhondda's substantial financial stake in the litigation provides the ability and incentive for it to vigorously represent the class's claims.

### 3. Rhondda Is Not Subject to Unique Defenses

The presumption in favor of appointing Rhondda as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Rhondda's ability and desire to fairly and adequately represent the class has been discussed above. Rhondda is not aware of any unique defenses defendants could raise that would render it inadequate to represent the class.

Further, as noted above, Rhondda's appointment as lead plaintiff would also satisfy a critical legislative goal behind enacting the PSLRA – to encourage sophisticated institutions with large financial interests to serve as lead plaintiffs in securities class actions. *See Woburn Ret. Sys. v. Salix Pharms., Ltd.*, 2015 WL 1311073, at *4, *8 (S.D.N.Y. Mar. 23, 2015) (noting that

the legislative intent of the PSLRA is to encourage large institutional investors to serve as lead plaintiff).

The Rhondda pension fund is one of the biggest occupational pension funds in Wales, providing benefits for over 60,000 people.  As such, Rhondda is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  Accordingly, Rhondda should be appointed Lead Plaintiff for the class.

### III.    This Court Should Approve Rhondda's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Rhondda has selected and retained Barrack, Rodos to serve as lead counsel for the class in the action on behalf of Vroom investors.

Barrack, Rodos has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Toomey Decl., Exhibit 3.   Specifically, Barrack, Rodos has been appointed as lead counsel in dozens of securities class actions, including more than 40 filed since passage of the PSLRA. *Id.*  Barrack, Rodos served as co-lead counsel in *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235 (D.N.J. 2000), where it obtained settlements totaling more than $3.1 billion.  Barrack, Rodos also served as co-lead counsel in the *In re WorldCom, Inc. Securities Litigation*, in which settlements totaling over $6 billion were approved by the Honorable Denise Cote.  Judge Cote described the services provided by Barrack, Rodos as one of the lead counsel as follows:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation.  Lead Counsel has been energetic and creative.  Its skill has matched that of able and well-funded defense counsel.  It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes.  Its negotiations with the

> Citigroup Defendants have resulted in a settlement of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance.
>
> In sum, the quality of the representation that Lead Counsel has provided to the class has been superb.… Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, 02 Civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992, *67-*68, *72, *73 (S.D.N.Y. Nov. 12, 2004).

In addition, in *In re Apollo Group Inc. Securities Litigation*, Master File No. CV-04-2147 PHX-JAT (D. Az.), Barrack, Rodos was lead counsel for the class in one of the few securities class actions that: (a) was tried to a jury verdict, (b) resulted in a jury verdict in favor of the class, and (c) was upheld in all respects on appeal. In August 2011, the lead plaintiff entered into an agreement with the defendants to resolve a dispute over claims procedures in exchange for the payment of $145 million for the benefit of the class. The *Apollo* court approved the resolution in 2012, noting that BR&B had obtained "an exceptional result for the class." The court also commented that the Firm "demonstrated a high degree of competence in the eight years of litigation of this case," and observed that the result achieved for the class:

> is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond. … [A]s discussed above, ***Plaintiffs' Lead Counsel achieved exceptional results for the Class and pursued the litigation despite great risk***.

More recently, among many other notable cases with recoveries in the hundreds of millions of dollars, Barrack, Rodos was successful in achieving a $970.5 million recovery in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08-CV-4772-LTS-DCF (S.D.N.Y.), and a $335 million recovery in *Pennsylvania Public Schools Employees' Retirement*

*System v. Bank of America Corp., et al.*, Civil Action No. 11-CV-00733-WHP (S.D.N.Y), on behalf of state pension funds serving as lead plaintiffs.

## CONCLUSION

For the above reasons, Rhondda respectfully requests that the Court issue an order: (1) consolidating the above-captioned actions; (2) appointing Rhondda as the lead plaintiff; (3) approving its choice of Barrack, Rodos & Bacine as class counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: New York, New York
May 21, 2021

Respectfully submitted,

  /s/ *Michael Toomey*
Michael Toomey (mt6688)
**BARRACK RODOS & BACINE**
Eleven Times Square
640 Eighth Avenue, 10th Floor
New York, NY 10036
Telephone:  212.688.0782
Facsimile:  212.688.0783

and

**BARRACK, RODOS & BACINE**
Robert A. Hoffman
Jeffrey B. Gittleman
Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone:  215.963.0600
Facsimile: 215.963.0838

*Attorneys for the Rhondda Cynon Taf Pension Fund and Proposed Lead Counsel for the Class*